# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| STABLE INVESTMENT PARTNERSHIP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No. 12 C 5556 |
| v. | ) | |
| | ) | Judge John A. Nordberg |
| TOM VILSACK, in his official capacity as | ) | |
| SECRETARY, UNITED STATES | ) | |
| DEPARTMENT OF AGRICULTURE, and | ) | |
| the FARM SERVICE AGENCY, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Maynerd Steinberg and Keith Parr, two lawyers working at a Chicago law firm, decided to buy (presumably for investment purposes) a farm in Livingston County, Illinois. After considering various ownership options, they decided to first create a general partnership – called Stable Investment Partnership – and then they had Stable buy the farm through an Illinois land trust. Under this unique type of ownership, the buyer enters into a contract with a bank which then holds both legal and equitable title to the property while the real buyer only has a personal property interest. However, under its contract with the bank, the real buyer retains, behind the scenes, all rights in and benefits of the property. One purpose for this arrangement is to keep the true owner hidden from the public.

After buying the property in this manner, Stable entered into a crop-share lease with Stanley Blunier who agreed to farm the land and share the profits. Blunier applied to the federal government, on both his behalf and the partnership's behalf, for federal farm benefits under the Direct and Counter Cyclical Payment Program ("DCP"), established by the Farm Security and Rural Investment Act of 2002, 7 U.S.C. § 7901 *et seq.* The parties provide little background about this program, but it appears to be a complex system administered by the Farm Service Agency in which the federal government pays farm owners and operators based on a complicated formula tied to base acres, payment yields, type of crop, and other measures, all designed to (among other things) counter fluctuations and down-turns in the price of farm crops.

The local FSA initially approved the application, both for Blunier as tenant and for the partnership as the owner. But someone at the FSA apparently became concerned about the partnership's status as owner and asked Stable to provide documents establishing that it was the

owner, as required by farm regulations. Stable submitted its partnership agreement, the crop-share lease with Blunier, the trust agreement with the bank, and the Warranty Deed for the farm.

In October 2010, the FSA sent Stable a check for $448 representing its share of benefits for 2010. However, the FSA subsequently concluded that Stable was not eligible for the benefits because only the bank as trustee, holder of legal title, could be considered the owner for purposes of receiving DCP benefits.

Stable challenged the decision by filing appeals through the FSA administrative framework. The National Appeals Division held a hearing and then affirmed in a written order the original decision to deny Stable benefits. The central issue in the administrative appeal, which is the same issue now before us, is whether the beneficial owner of an Illinois land trust fits within the FSA's definition of an owner set forth in Section 718.2 of the federal farm regulations. Stable argued that the party having control of the property was the real owner whereas the FSA maintained that the party holding title is the relevant owner. The key portion of the ruling is the following:

> The definition of owner [in Section 718.2] lists specific interests in land that qualify as ownership and does not state other land interests will qualify. Notably, the definition of owner includes several categories where the owner may not have title to the land, such as life estates, purchasers, and heirs, but does not include beneficial owners of land trusts. Although the farm program regulation may be inconsistent with established property law in some states and regulations of other federal agencies, the Secretary of Agriculture, responsible fo regulations controlling and directing farm programs and payments, has not expanded [the] Agency's ownership definition to include land trusts where beneficiaries hold a personal property interest while controlling the real estate without title. In conclusion, Appellant's arguments do not persuade me [that the] Agency's determination is inconsistent with the regulations.

(Dkt. # 14-6 at p. 8; R. at 183.)

## Analysis

Both sides move for summary judgment. Neither suggests any relevant facts are in dispute. The dispute is a legal question. The broader framing of the dispute is whether control or title is the critical factor for defining which party is an "owner" and thus eligible to receive payments from the federal government. Stable argues that the FSA's conclusion is arbitrary and capricious because Illinois law treats the beneficial owner of an Illinois land trust as the party having all the power and control and thus considers that party to be the "true owner" (Stable's phrase). Stable seems to concede that the direct relief it seeks in this lawsuit – the return of $448 in farm benefits – is relatively minor, but argues that the FSA's ruling will affect numerous farmers in Illinois who have used land trusts for over a century as a way to hold real property. The FSA argues that it must run a national program and is not bound by the unique aspects of Illinois property law. The FSA explains that it focuses on the title holder because this method is easier to verify ownership. The FSA merely has to check public property records.

The broader dispute about whether control or title is important must be filtered through the specific definition of "owner" set forth in Section 718.2. Both sides agree that this definition should be the focus of our analysis. Accordingly, we will quote it in its entirety:

> Owner means one who has legal ownership of farmland, including:
>
> > (1) Any agency of the Federal Government, however, such agency shall not be eligible to receive any payment pursuant to such contract;
> >
> > (2) One who is buying farmland under a contract for deed;
> >
> > (3) One who has a life-estate in the property; or
> >
> > (4) For purposes of enrolling a farm in a program authorized by chapters VII and XIV of this title:
> >
> > > (i) One who has purchased a farm in a foreclosure proceeding; and
> > >
> > > > (A) The redemption period has not passed; and
> > > >
> > > > (B) The original owner has not redeemed the property.
> > >
> > > (ii) One who meets the provisions of paragraph (d)(1)(i) of this definition shall be entitled to receive benefits in accordance with an agency program only to the extent the owner complies with all program requirements.
> >
> > (5) One who is an heir to property but cannot provide legal documentation to confirm ownership of the property, if such heir certifies to the ownership of the property and the certification is considered acceptable, as determined by the Deputy Administrator. Upon a false or inaccurate certification the Deputy Administrator may impose liability on the certifying party for additional cost that results--however such a certification may be taken by the Deputy Administrator as a bar to other claims where there has been a failure of other persons claiming an interest in the property to act promptly to protect or declare their interest or where the current public records do not accurately set out the current ownership of the farm.

7 C.F.R. § 718.2. The parties shorten this definition to this formulation: owner means one who has legal ownership, including (1) a federal agency, (2) a purchaser under a contract for deed, (3) one who has a life estate, (4) one who has purchased a farm in a foreclosure, and (5) an heir to property. An even simpler characterization is to say that it consists of a general definition plus five specific cases.

Stable has three main arguments. The first two basically track the two parts of the definition. Specifically, Stable's first argument is based on the general definition. To be sure, what we are calling the general definition is bare-bones. The word "owner" is defined as "legal owner." In other words, the general term is qualified merely by the adjective "legal." Stable asserts that Illinois courts consider the beneficiary of the land trust to be the "legal owner" because the beneficiary has

broad powers of control and the party having control logically should be viewed as owner. Stable cites to several Illinois cases supposedly supporting this view.

We are not persuaded by this argument. It is true that the land trust beneficiary has broad powers of control under Illinois law. It is also true that some Illinois courts have held, in certain specific contexts, that it is reasonable to treat the beneficiary as an owner. *See* Pl. Mem. at 9-10 (citing cases). But we do not find that either proposition establishes the precise, critical point – namely, whether the land trust beneficiary is considered the "*legal* owner." The word "legal" was presumably added to the more general word "owner" to qualify and limit it in some way.

Neither side has cited to any federal regulation or other agency document or case law shedding light on the meaning of the word "legal" in this context. Given this lack of authority, a reasonable place to look is the dictionary. *Black's Law Dictionary* (9th ed. 2009) contains a general definition for the word "owner," and also definitions for several more specific types of owners, one being "legal owner" and another "beneficial owner." The word "owner" is defined in relevant part as:

> One who has the right to possess, use, and convey something; a person in whom one or more interests are vested.

The phrase "legal owner" is defined as:

> One recognized by law as the owner of something; esp., one who holds legal title to property for the benefit of another.

*Id.* The word "beneficial owner" is defined in relevant part as:

> One recognized in equity as the owner of something because use and title belong to that person, even though legal title may belong to someone else; esp., one for whom property is held in trust.

*Id.*

These definitions provide support for the FSA's interpretation by suggesting that the legal owner is typically identified as the party holding title while the beneficial owner would be characterized as the party with control. Under these definitions, merely showing that a party had control would not necessarily mean that party should be considered the legal owner. In fact, throughout its briefs, Stable uses terminology consistent with the view. It describes the beneficiary with various synonyms for beneficial owner – including "true owner," "practical ownership," and "equitable owner." When Stable does use the phrase legal owner, it typically puts it in quote marks suggesting the phrase is not meant to be taken literally. Elsewhere Stable uses the passive voice, asserting that land trust beneficiaries "are deemed to be" or "are considered to be" the owner. All these linguistic phrases and constructions suggest that the beneficiary's ownership is something *other than* legal ownership.

As for the cases cited by Stable, while they offer some support for the idea that Stable can be considered an "owner" in certain contexts, they do not seem to refer to the beneficiary with the specific phrase "legal owner." These cases instead, like Stable does in its briefs, adopt alternative labels to describe the beneficiary's ownership interest. For example, in *IMM Acceptance Corp. v. First National Bank and Trust Co. of Evanston*, 499 N.E. 2d 1012 (Ill. App. Ct. 1986), which is the key case relied upon by Stable, the Illinois Appellate Court noted that in some situations the beneficiary (rather than the title holder) may be considered an owner. However, in making this point, the Appellate Court qualified the general phrase "owner" by referring to the beneficiary as the "true" or "real" owner, which was then contrasted with the title holder who was described as the party having the "legal relationship to the land." *Id.* at 1015. The phrase "legal relationship" is a close synonym to "legal owner." In sum, based on the above authorities, we are not persuaded by Stable's argument that a land trust beneficiary is fairly described as the "legal owner."

In its second argument, Stable seeks to fall within the second half of the owner definition – specifically, the five specific cases in Section 718.2 deemed to be "included" in the definition of owner. Although an Illinois land trust beneficiary is not one of those five, Stable argues that it is similar to those five and thus should be added to this list. Stable believes we can extract a broader principle common to all five cases, such as "having control of property without having title," and that Stable would then fall within this newly-extracted principle. To justify this approach, Stable points to an interpretative canon holding that "including" is a term of enlargement, meaning that it does not designate an exclusive list of examples but allows for the possibility that other similar examples could be added to the list. *See, e.g.*, Scalia & Garner, *Reading Law: The Interpretation of Legal Texts*, at § 15 (2012) (Presumption of Nonexclusive "Include").

Stable's argument is not unreasonable. But another reasonable interpretation is that the five specific cases are exclusive. The doctrine of *expressio unius est exclusio alterius* could be used to support this view. *See* Scalia & Garner, at § 10 (Negative-Implication Canon). In fact, although not using the specific label *expressio unius* or negative-implication, the National Appeal Division relied on this principle.

On balance, based on the language in Section 718.2, we find the latter interpretation is more persuasive. Stable's argument rests on the notion that the five cases are linked by a larger principle of control-without-title. But this is not clear to us. For example, the first case listed is "[a]ny agency of the Federal Government." We are not sure how this example fits into Stable's interpretation. As for the others, they seem to be more of an eclectic list without a clear conceptual principle linking them. Several of them contain qualifications. This is why we quoted Section 718.2 in its entirety. Consider the case of "an heir to property." Section 718.2 imposes an additional condition in this particular case that the heir must provide a certification "as determined by the Deputy Administrator." To accept Stable's argument, we would have to articulate what this larger principle is exactly, which would effectively put this Court in the role of drafting a new FSA farm regulation.

In its third argument, which is related in some ways to the second one, Stable points out that the FSA has allowed the beneficiary of a deed of trust to qualify as an owner. According to Stable, in many states, individuals buying property with a mortgage use a deed of trust in which the bank holds legal title as security for the mortgage loan and the buyer is the beneficial owner. Stable believes that this situation is similar to an Illinois land trust beneficiary (even though it elsewhere in its briefs

emphasizes how the Illinois land trust is unique and different and not followed by other states). Stable further argues that, if the FSA allows the deed of trust beneficiaries to qualify as an owner, even though they are no66t listed as one of the five cases, then the FSA should also allow the Illinois land trust beneficiaries to qualify.

Although we find this to be Stable's best argument, we still do not find it is enough to overturn the FSA's ruling as being arbitrary and capricious. The FSA has consistently stated that the reason it places more importance on title rather than control is that the easiest way to verify ownership is to check public county records. Allowing Illinois land trust beneficiaries to qualify would mean that the FSA would have to examine private documents – such as partnership agreements – which the FSA believes are ripe for fraud. In contrast, in the deed of trust situation, the borrower's equitable ownership interest appears in the chain of title in county records. This differs from the Illinois land trust beneficiary who is not listed in those records. Stable responds that the FSA could solve the problem of owner verification for land trust beneficiaries by requesting all "associated documentation" which would then prove conclusively who was the owner. (Stable Reply at 14.) Stable believes that this alternative verification method would be "not that much more difficult" than simply checking property records. But this argument concedes that there is *some* additional work. (*Id.*) The FSA, overseeing a complex program of farm benefits, is entitled to some deference, and its stated concern for fraud and this additional concern for added time and expense provide a reasonable justification.

In sum, although we find that Stable has raised some reasonable arguments, we cannot conclude that the FSA's ruling is arbitrary or capricious. Accordingly, Stable's motion for summary judgment is denied, and defendants' cross-motion for summary judgment is granted.

**ENTER:**

_____
**JOHN A. NORDBERG**
**Senior United States District Court Judge**

**DATED:** March 17, 2014